IN THE SUPREME COURT OF THE STATE OF DELAWARE

BENJAMIN CRUMP,           §
                          § No. 167, 2022
    Defendant Below,       §
    Appellant,             § Court Below—Superior Court
                          § of the State of Delaware
    v.                     §
                          § Cr. ID No. 84001366DI (N)
STATE OF DELAWARE,        §
                          §
    Appellee.              §

Submitted:  August 29, 2022
Decided:    September 28, 2022

Before **SEITZ**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

## <u>**ORDER**</u>

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)    The appellant, Benjamin Crump, filed this appeal from the Superior Court's denial of his motion requesting that the court relieve him "from both the Tier Sex Offender designation requirement and the requirement to register as a Sex Offender pursuant to Title 11 *Del. C.* §§ 4120(h) and 4121." The State has moved to affirm the judgment below on the ground that it is manifest on the face of Crump's opening brief that his appeal is without merit. We agree and affirm.

(2)    On June 19, 1984, a Superior Court jury found Crump guilty of first-degree rape and first-degree kidnapping. The Superior Court sentenced Crump to

life imprisonment for each offense. This Court affirmed on direct appeal[1] and has affirmed the Superior Court's denial of two motions for postconviction relief filed by Crump.[2]

(3) The Delaware Board of Parole granted Crump release on parole on April 20, 2021. The Board of Parole required, as a condition of release on parole, that Crump register as a Tier III sex offender.[3] Crump filed a motion in the Superior Court seeking relief from both his Tier III designation and from the requirement that he register as a sex offender.

(4) The Superior Court denied the motion, and Crump has appealed to this Court. He contends that because the sex-offender-registration laws were enacted after he committed the offenses of which he was convicted, requiring him to register as a Tier III sex offender is an unconstitutional retroactive imposition of a civil penalty. Crump's argument raises a question of law that this Court reviews *de novo*.[4] When our review is of a constitutional nature, there is a strong presumption that a legislative act is constitutional."[5] "This presumption not only imposes upon one

---

[1] *Crump v. State*, No. 321, 1984 (Del. Sept. 6, 1985).
[2] *Crump v. State*, 2018 WL 3769261 (Del. Aug. 7, 2018); *Crump v. State*, 1989 WL 114290 (Del. Aug. 21, 1989).
[3] Opening Brief at 6.
[4] *Helman v. State*, 784 A.2d 1058, 1065 (Del. 2001).
[5] *Sheehan v. Oblates of St. Francis de Sales*, 15 A.3d 1247, 1258 (Del. 2011) (internal quotation omitted); *see also Helman*, 784 A.2d at 1068 ("We begin our analysis of the effect of the Sex Offender Registration Statute by acknowledging the presumption of constitutionality that acts of the General Assembly necessarily enjoy.").

attacking the constitutionality of a statute the burden of demonstrating its invalidity, but also requires a measure of self-restraint upon courts sitting in review over claims of unconstitutionality."[6]

(5) Crump has not demonstrated that his designation as a Tier III sex offender is unconstitutional, or that the sex-offender-registration requirement is unconstitutional as applied to him. As noted in *Hassett v. State*, this Court "previously has held that the sex offender registration and community notification requirements of 11 *Del. C.* §§ 4120 and 4121 are not punitive in nature and, thus, the retroactive application of those requirements does not implicate the *ex post facto* clause."[7] This Court recently applied that holding in *Getz v. State*.[8] In *Getz*, as here, the appellant was convicted of first-degree rape before the enactment of the sex-offender-registration laws; the Court rejected Getz's argument that requiring him to register as a Tier III sex offender while on parole violated the *Ex Post Facto* Clause of the United States Constitution.[9]

(6) Crump attempts to avoid these precedents by arguing that the sex-offender-registration laws are retroactive "civil liability statutes" and their application to Crump therefore violates his "state due process rights" under Article

---

[6] *Helman*, 784 A.2d at 1068.
[7] 2011 WL 446561, at *1 (Del. Feb. 8, 2011).
[8] 2022 WL 2813775 (Del. July 18, 2022).
[9] *Id.* at *1-2.

I, § 9 of the Delaware Constitution.[10] His argument is unavailing. In *Helman v. State*, the appellant argued that "the sex offender registration and community notification scheme of 11 *Del. C.* §§ 4120 and 4121 infringes a liberty interest under the Fourteenth Amendment to the United States Constitution and Article 1, § 9 of the Delaware Constitution, without providing procedural due process protection" and that "as retroactively applied to him, the disclosure provisions of § 4121 constitute punishment in violation of the *Ex Post Facto* Clause of the United States Constitution."[11] This Court held that Article I, § 9 of the Delaware Constitution does not "provide a basis for finding a broad liberty interest protectable from State-directed disclosure of information arising from criminal prosecutions"[12] and that the procedural protections provided in the criminal proceeding itself were therefore sufficient to satisfy due process.[13] The Court in *Helman* also held that the community-notification provisions of 11 *Del. C.* § 4121, as retroactively applied to

---

[10] *See* DEL. CONST. art. I, § 9 ("All courts shall be open; and every person for an injury done him or her in his or her reputation, person, movable or immovable possessions, shall have remedy by the due course of law, and justice administered according to the very right of the cause and the law of the land, without sale, denial, or unreasonable delay or expense. Suits may be brought against the State, according to such regulations as shall be made by law.").

[11] 784 A.2d at 1064.

[12] *Id.* at 1071.

[13] *See id.* at 1069 ("The legislature has determined the predicate crimes for classification as a Tier II or III sex offender. Because the only determination to be made is whether the offender committed an offense requiring classification as a Tier II or III offender, further procedures would serve no purpose.").

4

Helman, did not violate the *Ex Post Facto* Clause[14] of the United States Constitution because the provision is not punitive but is a "measured response . . . to the need for community protection."[15]

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[14] *See* U.S. CONST. art. I, § 9 ("No Bill of Attainder or ex post facto Law shall be passed."); *id.* art. I, § 10 ("No State shall . . . pass any Bill of Attainder, ex post facto Law, or Law impairing the Obligation of Contracts, or grant any Title of Nobility.").
[15] *Helman*, 784 A.2d at 1064, 1078.